

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2008

# Zhan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3125

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Zhan v. Atty Gen USA" (2008). *2008 Decisions*. Paper 987.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/987

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3125
_____

CUI YING ZHAN,
Petitioner

VS.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A78-858-596)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted for Possible Summary Action
under Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2008
Before: RENDELL, SMITH and JORDAN <u>Circuit Judges</u>

(Filed: June 23, 2008)
_____

OPINION
_____

PER CURIAM

Petitioner, Cui Ying Zhan, has filed a motion for a stay of removal and a petition

for review from the order of the Board of Immigration Appeals ("BIA") denying her

motion to reopen.  The government has filed a motion for summary action, to which

Petitioner has filed a response in opposition. For the reasons that follow, we will summarily deny the petition for review. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Petitioner, a native and citizen of the People's Republic of China, entered the United States on February 5, 2002, in Chicago, Illinois. Petitioner did not possess a valid entry document and was served on February 8, 2002, with a charging document, alleging she was not in possession of a valid entry document, she committed fraud, and that she falsely identified herself as a United States citizen. Petitioner was found removable by the Immigration Judge ("IJ"). Petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied relief on December 2, 2002, and Petitioner, through counsel, sought review by the Board of Immigration Appeals ("BIA"). On April 9, 2004, the BIA affirmed the IJ's decision. Almost three years later, Petitioner filed a motion to reopen, which the BIA denied on June 25, 2007. Petitioner, through counsel, has filed a petition for review and a motion for a stay of removal. The government opposes the motion and has filed a motion for summary action. Petitioner has filed a response in opposition.

We have jurisdiction to review the BIA's denial of a motion to reopen. See Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986). We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under the abuse of discretion standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.

2

2002). We will summarily deny a petition for review if the petition presents no substantial question. See I.O.P. 10.6.

Although Petitioner's petition for review seeks review of the BIA's April 9, 2004 decision and the BIA's June 25, 2007 decision, only the BIA's June 25, 2007 decision, denying Petitioner's motion to reopen, is properly before this Court. See Nocon, 789 F.2d at 1032-33 (explaining that final deportation orders and orders denying motions to reconsider are independently reviewable and a timely petition for review must be filed with respect to the specific order sought to be reviewed). Accordingly, our review does not extend to the BIA's April 9, 2004 order. See Stone v. INS, 514 U.S. 386, 405 (1995) (holding that a motion for reconsideration does not toll the time to file a petition for review of a final deportation order).

Petitioner's motion before the BIA sought to reopen her proceedings because of the birth of her two children. The BIA concluded that Petitioner's motion to reopen was untimely. Although the BIA recognized that there was an exception to the timeliness requirements based on changed circumstances in the country of nationality, the BIA concluded that Petitioner had failed to demonstrate such a change. See 8 C.F.R. § 1003.2(c)(ii). The BIA explained that, contrary to Petitioner's assertion, the birth of a child does not constitute a change in personal circumstances that falls within § 1003.2(c)(ii)'s exception. See Guan v. Board of Immigration Appeals, 345 F.3d 47, 49 (2d Cir. 2003). The BIA further concluded that Petitioner failed to demonstrate that

3

country conditions had changed in a manner that materially impacts her eligibility for asylum.

We conclude that the BIA's decision denying Petitioner's motion to reopen is not arbitrary, irrational, or contrary to law. After careful review of Petitioner's motion to reopen, response in opposition and exhibits in support thereof, we conclude that Petitioner has failed to demonstrate changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii). Here, Petitioner's motion to reopen provides information regarding the current country conditions for the People's Republic of China, but fails to present evidence of how those conditions have materially changed since her hearing before the IJ in 2002. Petitioner's response in opposition to the motion for summary action simply states "[P]etitioner has offered other evidence relating to the present enforcement of the family planning in other part[s] of China," but fails to identify any evidence demonstrating a change in family planning policies. (Pet'r Resp. in Opp'n 5.) Furthermore, Petitioner's assertion that the BIA's focus on the Fujian Province imposed an "unreasonable stringent burden of proof" is meritless. (Id.) The BIA's focus on the Fujian Province did not prejudice Petitioner or impose a stricter standard of proof. Because Petitioner has failed to demonstrate changed country conditions, the BIA did not err by denying her motion to reopen.

For the foregoing reasons, we will grant the government's motion for summary action and summarily deny Petitioner's petition for review. Petitioner's motion for stay

4

of removal is denied as moot.